IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Joseph Dickerson, | ) | Civil Action No.: 8:11-cv-01412-RBH |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden Wayne McCabe, Liber Correctional Institution, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on June 13, 2011. [§ 2254 Petition, Doc. # 1.] This matter is now before the Court with the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin[1] filed on May 18, 2012. [R&R, Doc. # 35.] In her R&R, the magistrate judge recommends that Respondent's Motion for Summary Judgment [Doc. # 19] be granted. Petitioner timely filed objections[2] to the R&R. [Obj., Doc. # 44.]

---

[1] This matter was referred to Magistrate Judge Austin pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[2] On July 23, 2012, nearly twenty days after the deadline to file objections had passed, Petitioner filed additional objections to the R&R, although he had already managed to file nineteen pages of objections by the original deadline. [*See* Addendum, Doc. # 47, at 1–11.] Further, on July 5, 2012, the Court specifically denied Petitioner an extension of time to file objections, as Petitioner had failed to show good cause and had already been given a thirty-day extension. [*See* Text Order, Doc. # 43.] Thus, the additional objections from Petitioner are untimely and do not warrant consideration by this Court. *Darby v. South Carolina*, 355 Fed. App'x 751, 751 (4th Cir. 2009) ("The district court was under no obligation to consider [a party's] objections because they were untimely."). However, out of an abundance of caution, the Court has reviewed Plaintiff's additional objections and finds they do nothing more than restate and expand his arguments regarding procedural bypass. [*See* Addendum, Doc. # 47, at 1–11.] The Court has addressed this issue herein and finds the objections without merit.

## Background[3]

On September 24, 2002, after a previous trial ended a hung jury, Petitioner was convicted by a jury for drug-related offences and sentenced to twenty-five years imprisonment, to run consecutive to the twenty-five year sentence he was currently serving for armed robbery convictions.

Petitioner appealed his case to the South Carolina Court of Appeals, alleging that the lower court erred in denying his motion for a directed verdict. The South Carolina Court of Appeals affirmed Petitioner's conviction in July 2004.

On March 28, 2005, Petitioner filed an application for post-conviction relief ("PCR"), alleging numerous grounds, which was dismissed on December 16, 2008. The dismissal was amended on May 29, 2009, to address issues raised pursuant to South Carolina Rule of Civil Procedure 59(e). Petitioner, through counsel, filed a petition for writ of certiorari contesting the PCR court's finding on only one ground: that trial counsel was ineffective for failing to obtain or to present during trial exculpatory testimony. In April 2011, the South Carolina Supreme Court denied the petition for certiorari. On June 7, 2011, Petitioner filed his § 2254 Petition raising the following issues:

**Ground One:** The trial court's denial of a directed verdict was objectively unreasonable based on the facts presented during trial; and the appellate court's subsequent denial was also objectively unreasonable based on the facts presented during trial.

**Ground Two:** The state courts erred in failing to find counsel ineffective when counsel failed to obtain and present exculpatory testimony, thus denying Petitioner the right to present favorable witness for his defense.

---

[3] The facts and procedural background, with citations to the record, are more thoroughly discussed in the magistrate's R&R. [*See* R&R, Doc. # 35, at 2–13.]

**Ground Three:** The PCR court erred in failing to find counsel ineffective for failure to adequately prepare for trial.

**Ground Four:** The PCR court erred in failing to find counsel ineffective for failing to object to certain evidence, mainly counsel's failure to challenge the handling of the drugs.

**Ground Five:** The PCR court erred in failing to find counsel ineffective for failing to obtain a copy of Petitioner's first trial transcript in order to impeach the State's witnesses during the second trial.

**Ground Six:** The PCR court erred in failing to find counsel ineffective for failing to obtain a copy of the Bond hearing transcript which would corroborated Petitioner's version of events.

On October 3, 2011, Respondent timely filed his Motion for Summary Judgment, along with a return and memorandum in support. [Mot. Summ. J., Doc. # 19–20.] Because Petitioner is proceeding *pro se*, the magistrate judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on October 4, 2011, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. Petitioner filed his Response in Opposition to the Summary Judgment Motion on November 17, 2011, to which Respondent filed a Reply.

## **Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

Petitioner raises seven objections to the R&R, which the Court discusses as appropriately grouped below.

### I. Procedural default

Petitioner first argues that the magistrate erred in applying procedural default to Grounds Three, Five, and Six[4] of his § 2254 Petition. [Obj., Doc. # 44, at 5–6, 14–18.] Specifically, Petitioner argues that his PCR appellate counsel filed a brief containing only one issue, and that counsel should have filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), which would have allowed Petitioner to present the issues *pro se*.

---

[4] Petitioner does not include Ground Four, which was also procedurally defaulted, in his objections. To the extent he intended to include Ground Four, it lacks merit for the same reasons discussed herein.

4

[*Id*. at 4–5.] This failure, posits Petitioner without citing any applicable authority, "render[s] the state's corrective process inadequate." [*Id*. at 6.]

Petitioner's objection is without merit. Petitioner concedes that the grounds at issue were not submitted to the appellate court. [*See* Obj., Doc. # 44, at 5–6, 14–18.] Thus, in spite of Petitioner's contention to the contrary, the law is clear that "claims which were not presented to the South Carolina Supreme Court are procedurally barred. These claims were adequately raised in the PCR process and rejected by the PCR court. However, the failure to present these claims in the petition for writ of certiorari is fatal absent a showing of cause, prejudice and/or actual innocense." *Mendenhall v. Cohen*, No. 3:10–1868, 2011 WL 1119178, at *6 (D.S.C. March 4, 2011), report and recommendation adopted by 2011 WL 1119065 (D.S.C. March 24, 2011).

In his second and third objections, Petitioner argues that he did, in fact, have cause for not submitting the issues in Grounds Three, Five, and Six to the appellate courts. [Obj., Doc. # 44, at 6–9, 14–15.] In these objections, Petitioner again argues that he was not afforded the opportunity to file a *pro se* brief rasing these issues, and that his PCR appellate attorney's failure to either file a *Johnson/Anders* brief, or include these issues in the brief field by counsel, amounts to a showing of cause. [*Id*.]

In the context of procedurally barred claims, if a federal habeas petitioner can show *both* (1) "'cause' for noncompliance with the state rule[,]" *and* (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. 527, 533 (1986) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). However, "the South Carolina Supreme Court has held that there is no right under the Sixth Amendment or the South Carolina Constitution to hybrid representation, and it will not accept substantive documents filed *pro*

5

*se* by persons represented by counsel." *State v. Stuckey*, 333 S.C. 56, 58. 508 S.E.2d 564, 564–65 (1998). Further, as the magistrate noted, "the existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule." [*See* R&R, Doc. # 35, at 23 (citing *Murray*, 477 U.S. at 533.]

Petitioner argues his PCR appellate counsel raised only one issue in a meritorious petition for writ of certiorari, which precluded Petitioner from filing a *pro se* brief raising additional issues. However, an allegation that PCR appellate counsel was ineffective for raising only one issue is insufficient to allege cause for procedural default or undue prejudice from an alleged constitutional violation. "[T]he Fourth Circuit has unambiguously held that there is no constitutional right to counsel at the post-conviction relief stage, and, thus, there can be no error which implicates the Sixth Amendment." *Longworth v. Ozmint*, 302 F. Supp.2d 535, 545 D.S.C. (2003) (discussing the ability of a litigant in a § 2254 proceeding to argue that he could show cause for default by arguing that his PCR appellate counsel erred in not including issues on appeal, and ruling that such an argument is not sufficient to show cause) (citing *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir.1997) (en banc)). "Thus, because nothing impeded Petitioner's counsel from filing a brief with Petitioner's additional claims, Petitioner cannot show cause for failure to comply with the procedural rule and his objection is overruled." *Bryant v. Warden, Broad River Corr. Inst.*, No. 5:11–1315–RBH, 2012 WL 3597652, at *3 (D.S.C. Aug. 20, 2012) (dealing with near identical issue where a petitioner argued cause based on PCR appellate counsel's inclusion of only one issue in his brief).

There being no established "cause," this Court may not consider whether Petitioner was "prejudiced." *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) ("We are mindful . . . that

in *Engle* [*v. Isaac*, 456 U.S. 107, 134 n.43 (1982)], after finding that there was no cause for the default, the Supreme Court ended its inquiry, noting that because 'we conclude[d] that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.' "); *see also Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir.1998) (same). Petitioner's objections are overruled.

## II. <u>**Ineffective assistance of counsel**</u>

Petitioner's fourth and fifth objections argue that the magistrate erred in determining that, for purposes of Ground Two, the PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, applicable Supreme Court precedent. [Obj., Doc. # 44, at 9–12.] Petitioner further alleges that his claims, if true, would entitle him to relief and require denial of Respondent's Motion for Summary Judgment. [*Id*.]

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Much of Petitioner's objections merely restate the applicable law from *Strickland,* discuss

7

the summary judgment standard, or recount the holdings of the magistrate without pointing to any specific error. [*Id.*] To the extent this Court can glean a specific accusations of error,[5] it addresses those below.

Petitioner argues that the magistrate "unreasonably" determined that because Petitioner failed to present his cousin, an alleged exculpatory witness, at the PCR hearing or otherwise offer his testimony, he failed to establish prejudice. [Obj., Doc. # 44, at 10.] However, what Petitioner references is actually the holding of the PCR court, which the magistrate found reasonable. [R&R, Doc. # 35, at 33.] Further, Petitioner does not argue that the alleged witness was offered, or his testimony proffered, at the PCR hearing. [*Id.*]

Petitioner attempts to build upon this objection by arguing that the magistrate erred in finding that the PCR court correctly concluded that trial counsel was not ineffective for failing to find and present exculpatory testimony, including that of Petitioner's cousin. [Obj. Doc. # 44, at 11.] Petitioner claims that because trial counsel did not testify at the PCR hearing or submit to a deposition,[6] there is nothing to show whether trial counsel properly weighed the value of calling

---

[5] Petitioner also takes issue with the magistrate relying on a transcript from Petitioner's first trial, which ended in a hung jury. [Obj., Doc. # 44, at 10–11.] It appears that Petitioner is arguing that reliance on this transcript was "objectively unreasonable" because, according to Petitioner, neither he nor his PCR counsel was able to obtain this transcript. To the extent this can be read as a specific objection, it is without support. First, the section of the magistrate's R&R to which Petitioner refers merely quotes the PCR court, which in turn references the transcript. [R&R, Doc. # 35, at 33.] Second, Petitioner does not challenge the accuracy of the transcript. [Obj., Doc. # 44, at 10–11.] Third, Petitioner cites no authority to support his proposition nor does he explain how a PCR court relying on a transcript that was difficult to obtain gives rise to a constitutional violation. [*Id.*] Fourth, a portion of this supposedly unavailable transcript is in the record in the case at bar. [*See* R., Doc. # 20-2, at 83.]

[6] As discussed by the magistrate, the record was initially held open to allow for testimony of Petitioner's trail counsel. However, after it was discovered that trial counsel was on an assignment with the State Department in Iraq, and thus unavailable and outside the court's

8

Petitioner's cousin or other exculpatory witnesses. [*Id*. at 11–12.] Further, Petitioner claims there was "solid" evidence that trial counsel never attempted to locate witnesses on his behalf.

Petitioner's arguments fail. The United States Supreme Court has emphasized that, while surmounting *Strickland's* high bar is never an easy task, establishing that a state court's application of *Strickland* was unreasonable under § 2254 "is all the more difficult." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). "The standards created by *Strickland* and § 2254[] are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id*.

The PCR court specifically found that, based upon his testimony in prior proceedings, trial counsel had attempted to locate certain witnesses for Petitioner, and that trial counsel believed that the cousin would have been detrimental. [*See* R&R, Doc. # 35, at 34 (citing record).] The PCR court also found that Petitioner had failed to meet his burden of proof, and that the record failed to indicate that trial counsel could have done more to present favorable testimony from the cousin or other witnesses at issue. [*Id*.; s*ee also* PCR Order, Doc. # 20-3, at 100.] Given the PCR court's findings, of which there was at least some evidentiary support in the record, this Court cannot say that Petitioner's trial counsel fell below an objective standard of reasonableness or that there was resulting prejudice. *See Harrington*, 131 S.Ct. at 788 (emphasis added) (holding that when reviewing a state court's reasonableness determination, "[t]he question is whether there is *any* reasonable argument that counsel satisfied *Strickland's* deferential standard").

### III. **Remaining objections**

In his sixth objection, Petitioner argues the magistrate erred in denying Petitioner's motion for an evidentiary hearing. This objection is baseless. First, Petitioner is not lodging an objection to

---

jurisdiction, the parties agreed to close the record.

the R&R at issue, but to the magistrate's November 2011 denial of his motion for an evidentiary hearing. [*See* Obj. Doc. # 44, at 12–14; Text Order, Doc. # 31.] Second, as the magistrate correctly held in her order, "[a]fter a review of the record, the Court concludes Petitioner has failed to set forth any additional facts that, if true, would entitled him to relief. Because Petitioner has failed to outline any evidence beyond that already contained in the record, or otherwise explain how his claim would be advanced by an evidentiary hearing, Petitioner's motion for an evidentiary hearing is denied." [*See* Text Order, Doc. # 31.] *See also Fullwood v. Lee*, 290 F.3d 663, 681 (4th Cir. 2002). Petitioner's objection on this point does nothing to contradict the magistrate's holding.

In his seventh and final "objection," Petitioner lodges what can best be described as an omnibus objection. [Obj. Doc. # 44, at 14–18.] However, the issues raised in this objection merely restate previous arguments which have been addressed and rejected throughout this Order. Petitioner contends that the magistrate erred in finding that the claim in Ground Five was procedurally barred. [*Id*. at 14–17.] Petitioner explains in his objections that he is incorporating his previous arguments regarding cause, which the Court has addressed and rejected herein. [*Id*. at 15.] Petitioner then discusses how he can also show prejudice, and otherwise discusses the merits of Ground Five. [*Id*. at 15–17.] However, having found that Petitioner was procedurally barred and without cause, the Court may not consider either the merits of the claim or whether Petitioner was prejudiced. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995). Petitioner then goes on to discuss that because his trial counsel did not testify at the PCR hearing, there was no probative evidence to support the PCR court's findings. [*Id*. at 17–18.] Again, this Court has discussed the absence of Petitioner's trial counsel at the PCR hearing, noted that counsel for *all* parties agreed to close the record without trial counsel's testimony, and held that the PCR court's decision had evidentiary

support. *See Lounds v. State*, 380 S.C. 454, 462, 670 S.E.2d 646, 650 (2008) (finding an ineffective assistance of counsel claim meritorious, but only after finding there was "*no* probative evidence to support the PCR court's findings on this issue").

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. Habeas corpus relief is not appropriate in this case as the underlying state adjudication did not result in a decision that was contrary to clearly established federal law, and did not result in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)(2). For the reasons stated above and by the magistrate judge, the Court hereby overrules all of Petitioner's objections and adopts the magistrate judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 19] is **GRANTED** and the § 2254 Petition is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
September 12, 2012